

Shivani Poddar
**Partner**
Phone: 212-592-1446
Fax: 212-545-2382
spoddar@herrick.com

May 17, 2021

**VIA ECF**

The Honorable Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square, Room 2204
New York, New York 10007

      Re:    *Thompson et al. v. Elev8 Foundation Inc. et al.*, 20 Civ. 09581 (PGG) (JLC)

Dear Judge Gardephe:

      We represent Defendants Elev8 Center NY LLC ("**Elev8 Center**"), Urban Recovery, LLC ("**Urban Recovery**"), and Donna Mae Depola (together, "**Defendants**") in the above-referenced matter. We write pursuant to Your Honor's Individual Practice Rules, to request a pre-motion conference seeking approval to file a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), (6) the putative first amended class and collective action Amended Complaint filed on April 30, 2021 by Plaintiffs Shaun Thompson ("**Thompson**") and Marcella Watt ("**Watt**," and together with Thompson, "**Plaintiffs**") on behalf of themselves individually and all others similarly-situated (the "**Amended Complaint**"). Doc. No. 30.

**Allegations of Amended Complaint**

      The Amended Complaint alleges that Thompson was a counselor at: (a) Elev8 Center from approximately December 2018 to December 2019; and (b) Urban Recovery from approximately March 2020 to April 2020. See Amended Complaint ¶¶ 30(a), (b). The Amended Complaint also alleges that Watt has worked for "Elev8" as a patient care coordinator since approximately September 2018. See id. ¶ 31(a). Plaintiffs claim that while employed, they were required to perform work without compensation during meal breaks and outside their scheduled shifts and were not paid in full for straight or overtime wages. See id. ¶¶ 20; 25; 30(h), (i); 31(b); 32-35; 44; 52-53. Plaintiffs assert the following purported Fair Labor Standards Act ("**FLSA**") and New York Labor Law ("**NYLL**") violations: (1) nonpayment of wages for all hours worked and (2) nonpayment of overtime for hours worked in excess of forty in each week. See id. ¶¶ 25, 36-37, 54-55. Plaintiffs also assert additional alleged violations of the NYLL for: (1) failure to provide accurate wage statements and (2) failure to properly provide wage and hour notices upon hiring and as required thereafter. See id. ¶¶ 25, 36-37, 54-55.

      Plaintiff Thompson also claims that Urban Recovery retaliated against him in violation of the NYLL "after he raised concerns about Defendants' failure to implement the most basic health



May 17, 2021
Page 2

and safety guidelines in administering COVID-19 temperature checks in the workplace." See id. ¶¶ 30(n)-(s), 58, 63. He further alleges that he was subject to a hostile work environment and unlawful discrimination because of his race in violation of the New York State Human Rights Law ("**NYSHRL**") and the New York City Human Rights Law ("**NYCHRL**"). See id. ¶¶ 30(r), (s); 58; 68-69; 74-75. Plaintiffs assert that the Court has supplemental jurisdiction over these state law claims. See id. ¶ 5.

**Claims Against Elev8 Center Must Be Dismissed for Failure to State a Claim**

Plaintiffs' claims against Elev8 Center must be dismissed for failure to state a claim because Elev8 Center: (1) did not have actual or constructive knowledge of Plaintiffs' time worked outside of shifts and through meal breaks; and (2) provided a wage notice to Thompson and wage statements to both Plaintiffs. See Fed. R. Civ. P. 12(b)(6).

    *A. Elev8 Center Did Not Have Actual or Constructive Knowledge of Plaintiffs' Time Worked Outside of Shifts and Through Meal Breaks.*

Plaintiffs claim that while employed by Elev8 Center they worked before and after their shifts and during meal breaks but were not compensated for this time. Amended Complaint ¶¶ 30(h),(i); 31(b). Generally, employees are compensated for the time an employer "suffer[s] or permit[s them] to work." 29 U.S.C. § 203(g); N.Y. Lab. Law § 190 ("wages" are "earnings of an employee for labor or services rendered"). However, time spent working is not compensable work time where the employer has no actual or constructive knowledge of it. See, e.g., Chao v. Gotham Registry, Inc., 514 F.3d 280, 287 (2d Cir. 2008) ("It is clear an employer's actual or imputed knowledge that an employee is working is a necessary condition to finding the employer suffers or permits that work."). Moreover, employers who establish "reasonable time reporting procedures" are not held liable for unreported work because an employee's "fail[ure] to follow reasonable time reporting procedures . . . prevents the employer from knowing its obligation to compensate the employee and thwarts the employer's ability to comply with the FLSA." Hinterberger v. Catholic Health Sys., 299 F.R.D. 22, 45 (W.D.N.Y. 2014) (quoting White v. Baptist Mem'l Health Care Corp., 699 F.3d 869, 876 (6th Cir. 2012)); Joza v. WW JFK LLC, No. 07 Civ. 4153, 2010 WL 3619551, at *10, *6, n.5 (E.D.N.Y. Sept. 10, 2010).

Elev8 Center had robust handbooks and policies and procedures in place, which were all provided to Plaintiffs. Elev8 Center will establish that Plaintiffs received Elev8 Center's timekeeping, timesheet adjustment, overtime compensation, and break polices, and thus knew how to report untracked and/or uncompensated time.[1] In fact, Thompson submitted one timecard

---

[1] It is well-settled that on a motion to dismiss, a court may consider documents incorporated by reference into the complaint, Apolinar v. R.J. 49 REST., LLC, 15 Civ. 8655, 2016 WL 2903278, at *2 (S.D.N.Y. May 18, 2016). Even



May 17, 2021
Page 3

adjustment form to Elev8 Center and Watt submitted two timecard adjustment forms to Elev8 Center.  Both Plaintiffs were correctly paid for their time worked for these instances where they reported variances from their timecard records. That each Plaintiff followed the proper procedures for reporting their untracked time on at least one occasion demonstrates that they knew about Elev8 Center's procedures for reporting untracked/uncompensated time, but chose not to follow them.

Neither Plaintiff otherwise informed Elev8 Center that they were working before and/or after their shifts and/or not paid for breaks through which they worked, as is required by the handbooks and policies.  Because Elev8 Center did not have actual or constructive knowledge that Plaintiffs were not paid for time allegedly worked before and after their scheduled shifts or their breaks, Elev8 Center cannot be held liable as a matter of law.[2]

Additionally, Plaintiffs' claim that an "atmosphere of intimidation" prevented them from reporting their untracked/uncompensated time is inconsistent with Plaintiffs' own allegations. Amended Complaint ¶ 30(m), 31(e). Despite the fact that Plaintiffs submitted time card adjustment forms, Plaintiffs do not allege that they were ever terminated or otherwise retaliated against. Further, Watt does not claim to have faced retribution after speaking to her supervisor about working through her break.  Thus, Plaintiffs' allegations that they had reason to be "afraid of

---

where a document is not incorporated by reference, the Court may nevertheless consider it where the complaint relies heavily upon its terms and effect and plaintiffs had notice of its contents. See DiFolco v. MSNBC Cable L.L.C., 622 F3d 104, 111 (2d Cir. 2010); Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir. 1991) (concluding that the district court could have considered "documents plaintiffs had either in its possession or had knowledge of and upon which they relied in bringing suit . . . . because there was undisputed notice to plaintiffs of their contents and they were integral to plaintiffs' claim."); Munno v. Town of Orangetown, 391 F. Supp. 2d 263, 269 (S.D.N.Y. 2005) (finding that the documents attached to defendant's motion to dismiss "are 'integral' to the Complaint, as plaintiff had actual notice of both and has relied heavily upon both in framing the Complaint.").  Here, because Plaintiffs specifically allege that they were injured by Defendants' time-keeping policies, the Court can appropriately consider such policies on a motion to dismiss.  See Amended Complaint ¶ 32 ("Plaintiffs . . . suffered from Defendants' unlawful time-keeping policies and practices"); ¶ 20 ("Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules . . . culminated in a willful failure and refusal by Defendants to pay Plaintiffs . . . their proper (1) overtime compensation . . . and (ii) compensation for all hours worked . . . ."); ¶ 25 ("Plaintiffs . . . sustained . . . losses, injuries, and damages arising from [Defendants'] policies, practices, and procedures . . . .").

[2] While Defendants maintain that this Court can dispose of this action upon a motion to dismiss, should the court deem conversion to summary judgment appropriate on the issue of Plaintiffs' standing, Defendants consent to a conversion. See F.R.C.P. 12(d) ("If, on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."); United States v. Intl. Longshoremen's Ass'n, 518 F. Supp. 2d 422, 450 (E.D.N.Y. 2007) (explaining that "a district court is not obliged to convert a 12(b)(6) motion to one for summary judgment in every case in which a defendant seeks to rely on matters outside of the complaint in support of a 12(b)(6) motion.").



May 17, 2021
Page 4

complaining to Defendants and their supervisors for their shortfall in wages" hold no weight. <u>Id.</u> at 30(m).

   B. *Elev8 Center Provided a Wage Notice to Thompson and Wage Statements to both Plaintiffs.*

Plaintiffs also claim that they never received wage notices or wage statements from Elev8 Center, in violation of the NYLL. Elev8 Center provided a wage notice to Thompson when he was initially hired, and biweekly wage statements to Thompson and Watt along with their biweekly pay electronically via Elev8 Center's payroll system.

**<u>Claims Against Urban Recovery Must Be Dismissed</u>**

   A. *The Court Must Decline to Exercise Supplemental Jurisdiction over Thompson's Claims for Retaliation and Discrimination*

Thompson claims that Urban Recovery retaliated against him in violation of the NYLL "after he raised concerns about Defendants' failure to implement the most basic health and safety guidelines in administering COVID-19 temperature checks in the workplace." <u>See id.</u> ¶¶ 58, 64. He further alleges that he was subject to a hostile work environment and unlawful discrimination because of his race in violation of the NYSHRL and NYCHRL. <u>See id.</u> ¶¶ 30(r), (s); 58; 68-69; 74-75. He claims that the Court has supplemental jurisdiction over these state law claims. <u>See id.</u> ¶ 5.

This Court should decline to exercise supplemental jurisdiction over Thompson's claims for retaliation and discrimination. It is well-established that FLSA/NYLL claims do not arise out of the same nucleus of facts or case and controversy as discrimination or retaliation claims. While "federal wage-and-hour claims . . . can be resolved through testimony and documents regarding the hours Plaintiff worked and the compensation he received, [they] are, in general, factually distinct from state discrimination claims, which turn on whether Plaintiff suffered adverse employment actions, [and] whether racial or other discriminatory animus motivated those actions." <u>Dervisevic v. Wolfgang's Steakhouse, Inc.</u>, No. 19 Civ. 814, 2019 WL 6251197, at *2 (S.D.N.Y. Nov. 22, 2019) (internal quotation marks omitted). Thus, the Court should decline to assert supplemental jurisdiction over Thompson's retaliation and discrimination claims.

   B. *Urban Recovery Did Not Have Actual or Constructive Knowledge of Thompson's Time Worked Outside of Shifts and Through Meal Breaks*

Thompson claims that while employed by Urban Recovery, he worked before and after his shifts and during meal breaks but was not compensated for this time. Amended Complaint ¶¶ 30(h),(i). Urban Recovery is not liable to Thompson because it did not have actual or constructive

HERRICK

knowledge that Thompson worked before or after his scheduled shifts or through breaks. Thompson received Urban Recovery's policies on timekeeping and overtime compensation and thus knew how to report untracked and/or uncompensated time. However, Thompson never informed Urban Recovery that he was working before and/or after his shifts and/or meal breaks. Additionally, Thompson never informed Urban Recovery that there were errors in his pay as is required by Urban Recovery's policy on paychecks, and any claim about an "atmosphere of intimidation" is baseless, as explained above. Because Urban Recovery did not have actual or constructive knowledge that Thomson was not paid for time allegedly worked before and after his scheduled shifts or his breaks, Urban Recovery cannot be held liable as a matter of law.

*C. Urban Recovery Provided Thompson with Wage Statements.*

The Court should dismiss Thompson's wage statement claims against Urban Recovery. Urban Recovery provided Thompson with a wage statement along with the pay he earned for the one pay period for which he worked for Urban Recovery.

***

For the reasons above, Defendants (and Elev8 Center, to the extent the Court finds that it is properly named as a Defendant) will respectfully request that the Court dismiss the Amended Complaint with prejudice.

Respectfully Submitted,
/s/ Shivani Poddar

Enclosures

cc: Avery S. Mehlman
Jalise Burt
C.K. Lee
Anne Melissa Seelig