# LEE LITIGATION GROUP, PLLC
148 WEST 24TH STREET, 8TH FLOOR
NEW YORK, NY 10011
TEL: 212-465-1188
FAX: 212-465-1181
INFO@LEELITIGATION.COM

WRITER'S DIRECT:     (212) 465-1188
                     cklee@leelitigation.com

September 2, 2021

**Via ECF:**
The Honorable James L. Cott, U.S.M.J.
United States District Court
Southern District of New York
500 Pearl Street, Room 1360
New York, New York 10007

Re:  *Shaun Thompson et al., v. Elev8 Foundation Inc., et al.*
     No. 1:20-cv-09581 (PGG) (JLC)

Dear Judge Cott:

We are counsel to Plaintiffs in the above-referenced matter and write, pursuant to Local Civil Rule 37.2 and Your Honor's Individual Rules and Practices, to respectfully request that the Court compel Defendants to schedule depositions and engage in the discovery process.

Plaintiffs and Defendants met and conferred regarding discovery on July 1, 2021. On this call, both parties filled out a case management plan and decided that they would engage in the discovery process notwithstanding an outstanding motion to dismiss. Defendants answered Plaintiffs' discovery Requests on August 7, 2021, but inexplicably refused to provide any documents' production to Plaintiffs or schedule depositions. Plaintiffs and Defendants met and conferred on this matter telephonically for approximately fifteen minutes in the afternoon of August 17, 2021. On the call were my associate Seth Nadler and Counsel for Defendant, Jalise Burt. There, Defendants took the position that discovery at this juncture is premature given the pending motion to dismiss. Plaintiffs informed Defendants during their meet-and-confer that they will seek judicial intervention.

However, the Court has not stayed discovery, and discovery is not stayed automatically by a pending motion to dismiss. Moreover, Defendants agreed to engage in the discovery process in July 2021, when the parties collaborated to file a joint case management plan (Docket 41). Defendants' new contention that discovery is premature is therefore both mysterious and capricious, especially in light of the fact that they have already responded to Plaintiffs' interrogatories and, indeed, *served their own interrogatories and document requests upon Plaintiffs*. Given all the foregoing, Plaintiffs have no recourse but to respectfully ask the Court to compel Defendants to schedule depositions and engage in discovery, as they have in fact already begun to do.

We appreciate Your Honor's consideration.

Respectfully submitted,

*/s/ C.K. Lee*

cc: all parties via ECF