# LEE LITIGATION GROUP, PLLC
148 W 24ᵗʰ STREET, EIGHTH FLOOR
NEW YORK, NY 10011
TEL: 212-465-1180
FAX: 212-465-1181
INFO@LEELITIGATION.COM

Writer's Direct:  (917) 819-5583  November 5, 2021
tenzin@leelitigation.com

**Via ECF**
The Honorable James L. Cott, U.S.M.J.
United States District Court, SDNY
500 Pearl Street, Room 1360
New York, NY 10007

                Re:    *Thompson et al v. Elev8 Foundation Inc. et al.*
                     Case No. 1:20-cv-09581-PGG-JLC

Dear Judge Cott:

      We are counsel to Plaintiffs in the above-referenced matter. We write to inform the Court of the following discovery disputes and to respectfully request that the Court set a discovery conference to resolve these disputes.

      The parties met and conferred via telephone on Monday, November 1, 2021, at 1:00 p.m. for approximately twenty-four (24) minutes. Tenzin Tashi, Esq., participated on behalf of Plaintiff. Jalise Burt, Esq. participated on behalf of Defendants. The parties discussed the status of class discovery, electronic discovery, and deposition dates. Plaintiffs' counsel and Defendants' counsel reached an impasse during the call over the status of discovery.

**Document Production**

*Class Document Discovery Dispute*
      As a preliminary matter, Defendants refuse to provide any Class Discovery documents to Plaintiffs. Defendants' refuse on the basis that the Class Discovery was not proportional, overly broad and unduly burdensome, improper to verify the existence of a class, and premature at this time. As a result, Defendant refuses to provide any of the class documents for Covered Employees requested in Plaintiffs' discovery requests, including but not limited to payroll data, time records and disciplinary records. *See* **Exhibit A**.

      As the Court noted in *Van Elzen v. Revimedia, Inc.,* "in order to obtain pre-certification discovery concerning class issues, the plaintiff must show that "such discovery would be relevant to [his] future motion for class certification." However, he is not required to show that he will succeed on that future motion." No. 17-CV-2131 (PGG) (BCM), 2018 U.S. Dist. LEXIS 132007, at *11 (S.D.N.Y. Aug. 3, 2018) (quoting *Bais Yaakov of Spring Valley v. Houghton Mifflin Harcourt Publishers, Inc.*, 36 F. Supp. 3d 417, 421 (S.D.N.Y. 2014)).

      Plaintiffs' requests for class discovery are clearly relevant and proportional to the allegations in Plaintiffs' Class and Collective Action Complaint, as the case was pled as a class action, and plaintiffs are required to provide courts with "sufficient information to determine whether certification is appropriate." *See Rahman v. Smith & Wollensky Rest. Grp., Inc*., No. 06

Civ. 6198, 2007 U.S. Dist. LEXIS 37642, at *9 (S.D.N.Y. May 24, 2007); *see also Salazar v. Spectrum of Creations, Inc.*, No. 16 Civ. 653, at *2 (S.D.N.Y. Sept. 9, 2016)(VSB); *Calabrese v. CSC Holdings, Inc.*, No. 02 Civ. 5171, 2007 U.S. Dist. LEXIS 16059, at *20 (E.D.N.Y. Mar. 7, 2007); *Santiago v. Rivka, Inc.*, No. 15 Civ. 9184, Dkt No. 51 (S.D.N.Y. May 26, 2016).

Moreover, the overwhelming weight of authority in the Second Circuit, facilitates pre-certification class discovery in FLSA and NYLL cases. *See e.g., Uraga v. Amici 519 LLC*, No. 17 CV 3547 (S.D.N.Y.); *Rodriguez v. Castle Check Cashing Corp.*, No. 17 CV 9930 (S.D.N.Y.); *Huitzil v. Pak O Avenue Corp.*, No. 17 CV 529 (E.D.N.Y.); *see also Benavides v. Serenity Spa NY Inc.*, 166 F. Supp. 3d 474, 492 (S.D.N.Y. 2016). Therefore, Defendants should be compelled to provide the requested class discovery to Plaintiffs.

***Document Request No. 5 (prior settlements); 6 (prior lawsuits); 8 (litigation with employees)***
Defendants' objections to the above documents are not applicable as the requested documents are relevant and proportional to determine both Defendants liability as to willfulness in previously violating the FLSA and the NYLL, and for an analysis as to Defendants compliance with labor laws.

***Document Request No. 9 (financial statements); 10  (sales records); 11 (tax filings)***
Defendants' objections to the above documents are not applicable as the requested documents are relevant and proportional to determine whether Defendant has gross revenues in excess of $500,000 per annum for the FLSA enterprise coverage analysis.

***Document Request No. 18 (corporate documents); 20 (loans and leases); 21 (real property leases); 23 (vendor contracts)***
Defendants refused to produce documents responsive to these Requests. Defendants' objections are not applicable as the Requests are relevant and proportional to the herein lawsuit. The documents sought would demonstrate Defendants' ownership and control and help establish joint employer liability. For example, vendor contracts, leases, credit lines, etc., can help ascertain an individual's control of the company as a joint employer. Furthermore, Defendants' shareholders, owners, and directors are potential witnesses with knowledge of information relevant to the subject matter of this action, including Defendants' wage and hour practices and individuals who may have joint liability. Any objections that such information is subject to privacy concerns can be resolved through a stipulation for a protective order.  Therefore, if Defendant possesses any such documents, such documents must be produced or if none, so stated.

***Document Request No. 28 (E-discovery)***
The objections raised by Defendant are inapplicable. First, this Request is not "overly broad" because the parameters of the requested e-discovery are specifically limited to the listed search terms. The search terms are also appropriately related to the wage and hour issues in this case. Defendant is required to run the e-discovery searches for the proposed custodians and search terms, and provide responsive emails and/or an affidavit detailing that the Boolean searches were run, the methodology of the searches, and that there were no responsive emails.

**Interrogatories**

*Class Discovery Dispute, Interrogatory No. 2(b)*

Defendants refuse to provide any information on Class Discovery for Covered Employees. As the Court noted in *Whitehorn v. Wolfgang's Steakhouse, Inc.* "pre-certification discovery is appropriate to enable Plaintiff to define the class and identify similarly situated employees." 2010 U.S. Dist. LEXIS 58460, at *7 (S.D.N.Y. June 14, 2010) (citing *Fei v. WestLB AG,* 2008 U.S. Dist. LEXIS 33310, at *5-6 (S.D.N.Y. Apr. 23, 2008); . *Morales v. Plantworks, Inc.*, 2006 U.S. Dist. LEXIS 4267, 2006 WL 278154, at *3 (S.D.N.Y. Feb. 2, 2006)) "Pre-certification discovery of employee contact information will either enable Plaintiff to make a fuller showing at the conditional certification stage, or reveal that the collective action is not suitable for certification." *Whitehorn* 2010 U.S. Dist. LEXIS 58460, at *7 (citing *Sedtal v. Genuine Parts Co.*, No. 08 Civ. 413, 2009 U.S. Dist. LEXIS 63261, 2009 WL 2216593, at *7 (E.D. Tex. July 13, 2009)).

It has been noted that there has been no Second Circuit Court of Appeals decision holding that discovery of the identities of potential class or collective members is barred until after certification has been granted, *Stebbins v. S&P Oyster Co.*, 2017 U.S. Dist. LEXIS 50633, at *8-9 (D. Conn. Apr. 3, 2017). Therefore, Defendants should produce the Covered Employee contact information as well.

*Interrogatory No. 5 (past investigations of non-payment)*

Defendants' objections are not applicable as information regarding prior investigations or lawsuits as to allegations of non-payment of employee wages directly relates to the willfulness analysis if Defendants were or should have been aware of a prior practice of non-payment of wages.

*Interrogatory No. 6 (other businesses owned); 11 (vendor contacts); 12 (bank accounts)*

Defendants refused to produce information responsive to these Interrogatories. Defendants' objections are not applicable as the Interrogatories are relevant and proportional to the herein lawsuit. The information sought would demonstrate Defendants' ownership and control and help establish joint employer liability. For example, vendor contracts and bank accounts, can help ascertain an individual's control of the company as a joint employer.

\*          \*          \*

We thank the Court for considering this matter.

Respectfully submitted,

*/s/ Tenzin Tashi*
Tenzin Tashi, Esq.

cc: all parties via ECF