# Lee Litigation Group, PLLC
148 W 24ᵀᴴ Street, Eighth Floor
New York, NY 10011
Tel: 212-465-1180
Fax: 212-465-1181
info@leelitigation.com

Writer's Direct:   (212)-465-1188                                    November 22, 2021
   cklee@leelitigation.com

**Via ECF**
The Honorable James L. Cott, U.S.M.J.
United States District Court, SDNY
500 Pearl Street, Room 1360
New York, NY 10007

　　　　　　　　　　　Re:　　*Thompson et al v. Elev8 Foundation Inc. et al.*
　　　　　　　　　　　　　　Case No. 1:20-cv-09581-PGG-JLC

Dear Judge Cott:

　　　　We are counsel to Plaintiffs in the above-referenced matter. We write in response to Defendants' letter-motion dated November 16, 2021 [Dkt. No. 57].

**Defendants Discovery Requests:**

**Document Request Nos. 1-23, 29, 30**

　　　　Plaintiffs maintain their objections as to any documents or communications requested. Notwithstanding the foregoing, Plaintiffs are not in possession of responsive documents.

**Document Request No. 3**

　　　　As to request #3, Plaintiffs maintain their objections as to any documents or communications relating to any lawsuit, claim, or complaint of wage and hour violation(s) made by Plaintiffs to any previous or current employers, excluding Defendants. Those documents or complaints would not be relevant to the matter at hand. Furthermore, any lawsuit would be public records that Defendants could search for themselves.

　　　　As for any documents or communications relating to any lawsuit, claim, or complaint of wage and hour violation(s) made by Plaintiffs to Defendants, Plaintiffs maintain their objections. Notwithstanding the foregoing, Plaintiffs assert that they are not in possession of any responsive documents.

**Document Request No. 5**

　　　　As to request #5, Plaintiffs maintain their objections. Notwithstanding the foregoing, Plaintiffs assert that they are not in possession of any responsive documents.

**Document Requests Nos. 6, 7, 9, 12, 15, 29, and 30**

　　　　Plaintiffs maintain their objections to request #6. "The fact that a party may happen to have reviewed a document in connection with a pleading does not establish that the document is relevant to any claim or defense … any relevant document that was reviewed in connection with drafting the answers would be produced either in the defendants' initial disclosures pursuant to

Rule 26(a)(1) or in response to specific discovery demands. *Treppel v. Biovail Corp.,* 233 F.R.D. 363, 376-77 (S.D.N.Y. 2006). Notwithstanding the foregoing, Plaintiffs assert that they are not in possession of any responsive documents.

As to requests #7, 9, 12, 15, 29, Plaintiffs maintain their objections. Notwithstanding the foregoing, Plaintiffs assert that they are not in possession of any responsive documents.

As to requests #30, Plaintiffs maintain their objections that the request is premature. Were this case to proceed to trial, "[t]he exhibit list will designate the documents … to introduce at trial and will afford Defendant sufficient time to prepare his defense. *United States v. McKenzie,* No. 1:14-CR-169 (MAD), 2015 U.S. Dist. LEXIS 195122, at *63 (N.D.N.Y. Nov. 4, 2015).

**Document Request Nos. 10 and 14**

As to request #10, Plaintiff THOMPSON maintains his objections. Any records would be in Defendants records in the form of post-termination reports or interviews with the terminated employees. Notwithstanding the foregoing, Plaintiff asserts that he is not in possession of any responsive documents.

As to Defendants request #14, Plaintiff WATT maintains her objections. Notwithstanding the foregoing, Plaintiff asserts that she is not in possession of any responsive documents as she made a verbal complaint to supervisor Rick [LNU] and Plaintiff WATT made no further complaints due to fear for her employment. Any other records of such complaint would exist in Defendants' possession if Supervisor Rick [LNU] reported such a complaint.

**Document Request Nos. 6, 11, 29, and 30**

As referenced above, Plaintiffs maintain their objections to request #6. Notwithstanding the foregoing, Plaintiffs assert that they are not in possession of any responsive documents.

Plaintiff THOMPSON maintains his objections to request #11. Notwithstanding the foregoing, Plaintiff THOMPSON asserts that he is not in possession of any responsive documents.

Plaintiffs maintain their objections to request #29. Notwithstanding the foregoing, Plaintiffs assert that they are not in possession of any responsive documents.

As referenced above, Plaintiffs maintain their objections to request #30. Were this case to proceed to trial, "[t]he exhibit list will designate the documents … to introduce at trial and will afford Defendant sufficient time to prepare his defense. *United States v. McKenzie,* No. 1:14-CR-169 (MAD), 2015 U.S. Dist. LEXIS 195122, at *63 (N.D.N.Y. Nov. 4, 2015).

**Document Requests Nos. 25 and 26**

Plaintiffs maintain their objections to Defendants' request #25 and #26, for all federal, state and local income tax returns from 2015 to the present. "tax returns need not be disclosed unless:

(1) it clearly appears that they are relevant to the subject matter of the action or to the issues raised thereunder; and (2) there is a compelling need for their disclosure because the information contained in the tax returns is not otherwise readily obtainable. *McIntosh v. Bank of Am.,* 2008 U.S. Dist. LEXIS 76280, at *6-7 (W.D.N.Y. Sep. 30, 2008) (citing *Gattegno v. Pricewaterhousecoopers, LLP*, 205 F.R.D. 70, 71 (D. Conn. 2001).

As a preliminary matter, tax returns and unemployment insurance as they relate to Plaintiff WATT are not relevant as to her claim for damages. Plaintiff WATT has claims of unpaid wages due to time-shaving and WTPA violations, evidence of which that would not be apparent on her tax returns. Defendants have failed to show how Plaintiff WATT's tax returns or unemployment insurance would be relevant to the subject matter of the action, as it relates to Plaintiff WATT.

As for Plaintiff THOMPSON's tax returns, they would be similarly irrelevant for his period of employment due to his wage and hour claim being that of unpaid wages due to timeshaving. Furthermore, as to his retaliation claim, Plaintiff THOMPSON's tax returns should only be relevant for the time period between his termination from Defendants and his first job post-Defendants' employment, to demonstrate the back-wages difference and Plaintiff's duty to mitigate. Furthermore, Courts have found that "disclosure of plaintiff's W-2 and Wage Statements are sufficient to enable defendants to assess plaintiff's earnings." *See McIntosh* 2008 U.S. Dist. LEXIS 76280, at *7. Therefore, if the Court is to order such tax information to be disclosed for Plaintiff THOMPSON, it should be limited to Plaintiff's W-2s and Wage Statements for the period following his termination from Defendants and his first job post-Defendants' employment.

## **INTERROGATORIES**

**Interrogatories Nos. 3, 8, 9**

In response to interrogatory #3 Plaintiff THOMPSON identifies "Amy Serkin" and "Trevor Griff." Plaintiff WATT identifies "Enrique" [LNU] and "Josephus" [LNU].

In response to interrogatories #8 and #9, Plaintiffs state that they were not responsible for the supervision of any employee and as a result they subsequently did not provide any performance evaluations.

*     *     *

We thank the Court for considering this matter.

Respectfully submitted,

*/s/ C.K. Lee*
C.K. Lee, Esq.

cc: all parties (via ECF)