

Shivani Poddar
**Partner**
Phone: 212-592-1446
Fax: 212-545-2382
spoddar@herrick.com

April 6, 2022

**VIA ECF**

The Honorable Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square, Room 2204
New York, New York 10007

      Re:    *Thompson et al. v. Elev8 Center NY, LLC et al.*, 20 Civ. 09581 (PGG) (JLC)

Dear Judge Gardephe:

      We represent Defendants Elev8 Center NY LLC ("**Elev8 Center**"), Urban Recovery, LLC ("**Urban Recovery**"), and Donna Mae Depola (together, "**Defendants**") in the above-referenced matter. We write regarding Plaintiffs' Second Amended Complaint which was improperly filed on March 30, 2022. (Doc. No. 66.). Defendants respectfully request that the Court dismiss the Second Amended Complaint because it was filed without leave of the Court or consent of the Parties, or in the alternative, schedule a premotion conference for Defendants' anticipated motion to dismiss.

      By way of brief background, the Honorable James L. Cott issued a Report and Recommendation to Your Honor on February 28, 2022, recommending that the Court grant Defendants' motion to dismiss Plaintiffs' First Amended Complaint, (Doc. No. 30). (Doc. No. 64.). Judge Cott further concluded that Plaintiffs "should be given leave to amend their FLSA claims and analogous NYLL claims." Report and Recommendation, (Doc. No. 64.) at 20. As of the date of this letter, the Court has not yet issued an order adopting (or rejecting) the Report and Recommendation (including the recommendation with respect to Plaintiffs amending FLSA and NYLL claims) as is required by Local Rule 72.1(d) ("[A] Magistrate Judge may issue any preliminary orders and conduct any necessary evidentiary hearing or other appropriate proceeding and shall submit to a District Judge a report containing proposed findings of fact and recommendations for disposition of the matter by the District Judge."). On March 30, 2022, Plaintiffs filed their Second Amended Complaint. (Doc. No. 66.)

      Defendants respectfully request that the Court dismiss Plaintiffs' Second Amended Complaint because it is procedurally improper. Pursuant to Federal Rule of Civil Procedure 15, other than amendments made as a matter of course,[1] "a party may amend its pleading only with

---

[1] "A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1).



April 6, 2022
Page 2

the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Plaintiffs failed to satisfy either prerequisite before filing their Second Amended Complaint. Defendants did not consent to Plaintiffs filing the Second Amended Complaint in writing or otherwise. Additionally, not only has the Court not granted leave to Plaintiffs to file a Second Amended Complaint, but Plaintiffs have never sought leave of the Court to do so.

Any claim by Plaintiffs that in filing the Second Amended Complaint they relied on Judge Cott's Report and Recommendation stating that Plaintiffs should be given leave to amend their FLSA claims and analogous NYLL claims is meritless because the Court has not yet issued an Order with its disposition of the Report and Recommendation. Thus, Plaintiffs did not have leave from the Court nor consent from Defendants when they filed their Second Amended Complaint, and it is procedurally improper.

Should the Court decline to dismiss the Second Amended Complaint because of the procedural issues raised herein, Defendants request that the Court schedule a premotion conference for Defendants' anticipated motion to dismiss and set a deadline for Defendants to submit a letter outlining the basis for the motion in advance of the conference for the Court's consideration.

\*\*\*

We appreciate Your Honor's attention to this matter.

Respectfully Submitted,
/s/ Shivani Poddar

cc:   All attorneys of record via ECF