UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHAUN THOMPSON and MARCELLA
WATT, on behalf of themselves and others
similarly situated,

                        Plaintiffs,

            - against -

ELEV8 CENTER NEW YORK, LLC (d/b/a
"Elev8" or "Elev8 Centers"), URBAN
RECOVERY HOUSE, LLC (d/b/a "Urban
Recovery"), LEE WEISS, and DONNA MAE
DEPOLA,

                        Defendants.

**ORDER**

20 Civ. 9581 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

            Plaintiffs Shaun Thompson and Marcella Watt, on behalf of themselves and those

similarly situated, bring this collective action against Elev8 Center New York, LLC[1]; Urban

Recovery House, LLC; and Donna Mae Depola,[2] alleging violations of the Fair Labor Standards

Act ("FLSA") and New York Labor Law ("NYLL").  (See First Amended Complaint ("FAC")

(Dkt. No. 30) ¶¶ 39-56)  Thompson brings additional claims for discrimination and retaliation

under New York law.  (Id. ¶¶ 57-77)

            Defendants have moved to dismiss the First Amended Complaint for lack of

subject matter jurisdiction and for failure to state a claim.  (Dkt. No. 42)  This Court referred

---

[1]  The Complaint originally named Elev8 Foundation, Inc. as a Defendant in this case (see Dkt.
No. 1), but Plaintiff replaced that entity with Elev8 Center New York, LLC in the First Amended
Complaint (see Dkt. No. 30).
[2]  Lee Weiss – whom Plaintiff alleges is the CEO of Elev8 and Urban Recovery (First Amended
Complaint ("FAC") (Dkt. No. 30) ¶ 11) – is also named as a Defendant.  However, Weiss has not
been served (see Dkt. No. 17), and he has not appeared in this case.

Defendants' motion to the assigned magistrate judge for a Report and Recommendation ("R&R").  (Dkt. No. 60)  Magistrate James L. Cott has issued an R&R, recommending that Plaintiffs' FLSA and NYLL claims be dismissed for failure to state a claim, and that the Court decline to exercise supplemental jurisdiction over Thompson's state law retaliation and discrimination claims.  Judge Cott also recommends that this Court grant Plaintiffs leave to amend their FLSA and NYLL claims.  (R&R (Dkt. No. 64) at 20)  Neither side has filed objections to Judge Cott's R&R.  Plaintiff has, however, sought leave to file a Second Amended Complaint.  (See Dkt. No. 71)

For the reasons stated below, Judge Cott's R&R will be adopted in its entirety, the First Amended Complaint will be dismissed, and Plaintiffs will be granted leave to amend.

## BACKGROUND

### I.    FACTS[3]

Defendants Elev8 Center New York, LLC ("Elev8") and Urban Recovery House, LLC ("Urban Recovery") operate addiction and treatment facilities in New York City.  These Defendants operate "as a single integrated enterprise."  (FAC (Dkt. No. 30) ¶¶ 9-10)  Defendant Donna Mae Depola is the president of these corporate entities.  (Id. ¶ 16)

Plaintiff Shaun Thompson was employed as a counselor at Elev8 from in or about December 2018 through December 2019, and at Urban Recovery from March 2020 through April 2020.  (Id. ¶ 30(a))  Plaintiff Marcella Watt was employed as a patient care coordinator at Elev8 beginning in September 2018.  (Id. ¶ 31(a))

---

[3]  The facts set forth in this Order are drawn from the First Amended Complaint and the documents incorporated therein, and are presumed true for purposes of resolving Defendants' motion to dismiss.  See Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 237 (2d Cir. 2007).

Throughout his employment, Thompson "routinely worked in excess of forty (40) hours each week." (Id. ¶ 30(h))  Thompson states that he was scheduled to work five days a week, from 7:30 a.m. to 4:00 p.m., for a total of 42.5 hours per week, and was also "routinely" required to work after his shift ended at 4:00 p.m.  (Id.)

From March 2020 up to the filing of the First Amended Complaint on April 30, 2021, Watt "regularly" worked five days a week, from 3:00 p.m. to 11:30 p.m., for a total of approximately 42.5 hours per week.[4]  (Id. ¶ 31(a))  Watt sometimes arrived at work thirty minutes before her shift began, and she was "routinely" directed to perform "off-the-clock" work on these occasions.  (Id. ¶ 31(f))

Plaintiffs allege that they were not fully compensated for the hours they worked because Elev8 "automatically deducted" a one-hour meal break each shift, "despite the fact that [Plaintiffs] rarely took the full hour break, as [they were] required to perform work during that period."  (Id. ¶¶ 30(i), 31(b))  "This was not a problem when [Thompson] first began working at [Elev8]" in December 2018 because – at that time – employees manually clocked in and out during their meal breaks.  In February 2019, however, Elev8 began deducting time for lunch breaks automatically.  (Id. ¶ 30(j))  Plaintiffs claim that "Defendants knew this would result in inaccurate recording of time worked" – because employees were frequently required to work during their lunch breaks – but Defendants nevertheless replaced the prior time-keeping system "for the sole purpose of unlawful wage theft."  (Id. ¶¶ 30(k)-(l), 31(c)-(d))  Watt complained to her supervisor about the time-keeping change, but the supervisor "did nothing to rectify the

---

[4] Prior to March 2020, Watt's hours fluctuated from 17 to 25.5 hours per week.  (FAC (Dkt. No. 30) ¶ 31(a))

problem." (Id. ¶ 31(e))  Plaintiffs did not complain further about this issue "due to the atmosphere of intimidation Defendants had carefully cultivated." (Id. ¶¶ 30(m), 31(e))

In or about March 2020, as Thompson made preparations to begin working at Urban Recovery, "Trevor" – a clinical supervisor at Urban Recovery – "expressly advised" Thompson to be "wary" of "Manny" – the Operations Director at Urban Recovery.  Trevor warned Thompson that Manny "had a reputation for harassing employees and making discriminatory comments," and that Defendants had "routinely turned a blind eye and deaf ear to employees' concerns" regarding Manny's behavior. (Id. ¶¶ 30(b)-(e); see also id. ¶¶ 30(g)-(h) (referencing now-deleted comment from an aggrieved employee on Urban Recovery's July 29, 2020 Facebook post))

In April 2020, Thompson observed that "Victoria" – an Urban Recovery employee assigned to take temperatures due to COVID-19 protocols – was not wearing personal protective equipment, in violation of New York's mask mandate. (Id. ¶ 30(q))  Thompson asked Victoria to use a mask and gloves while administering temperature checks. (Id.)  Victoria objected and called over Manny. (Id. ¶ 30(r))  Manny "proceeded to hurl a series of racially discriminatory insults and threats of physical injury" at Thompson – who is Black. (Id. ¶¶ 30(d), (r))  Manny told Thompson: "I don't give a fuck if [Victoria is] not wearing gloves, take your temp or get the fuck out of here!  Or you can wait until 4:00 p.m. and fight me." "Get your black ass out of here!  Get out of my building." (Id. ¶ 30(r))  Thompson was instructed to leave the building and not to return until further notice. (Id.)  Later that week, Thompson was notified that his employment was terminated. (Id. ¶ 30(s))

Plaintiffs also allege that, during their employment at Elev8 and Urban Recovery, Defendants failed to provide them with proper wage notices and wage statements, as required under the NYLL.  (Id. ¶¶ 36-37)

## II.    PROCEDURAL HISTORY

The Complaint was filed on November 13, 2020.  (Dkt. No. 1)  On November 17, 2020, this Court referred this case to Judge Cott for general pre-trial supervision.  (Dkt. No. 13)

On April 30, 2021, Plaintiffs filed the First Amended Complaint, which asserts claims against Defendants for (1) unpaid wages and overtime due to time-shaving under the FLSA and NYLL; and (2) failure to provide Plaintiffs with proper wage statements and notices under the NYLL.  (FAC (Dkt. No. 30) ¶¶ 39-56)  Thompson also alleges claims against Defendants for (1) retaliation in violation of Sections 215 and 200 of the NYLL and Sections 66-3.2(c)-(d) of the New York Codes, Rules, and Regulations ("NYCRR"); and (2) race discrimination in violation of Section 296 of the New York State Human Rights Law (the "NYSHRL"), and Section 8-107 of the New York City Human Rights Law (the "NYCHRL"). (FAC (Dkt. No. 30) ¶¶ 57-77)  Plaintiffs seek damages, declaratory and injunctive relief, and attorneys' fees and costs on behalf of themselves and all those similarly situated.  (Id. at 26-27 (Prayer for Relief))

On July 16, 2021, Defendants moved to dismiss the First Amended Complaint, arguing that Plaintiffs do not state a claim under the FLSA and NYLL, and that the Court should decline to exercise subject matter jurisdiction over Thompson's remaining state and city law claims for retaliation and discrimination.  (Motion (Dkt. No. 42); Def. Br. (Dkt. No. 43))

Plaintiffs oppose Defendants' motion as to their FLSA and NYLL claims, but do not oppose Defendants' motion as to Plaintiffs' remaining state and city law claims.  Plaintiffs have agreed to "refile those claims in state court."  (Pltf. Opp. (Dkt. No. 47) at 5)

On January 3, 2022, this Court referred Defendants' motion to Judge Cott for an R&R.  (Dkt. No. 60)  On February 28, 2022, Judge Cott issued an R&R in which he recommends that this Court (1) dismiss Plaintiffs' overtime and wage claims under the FLSA and NYLL for failure to state a claim, and (2) decline to exercise supplemental jurisdiction over the remaining state law claims.  In his R&R, Judge Cott recommends that this Court grant Plaintiffs leave to amend their FLSA and NYLL claims.  (R&R (Dkt. No. 64) at 20)  Neither side has filed objections to the R&R.

On March 30, 2022, Plaintiffs filed a Second Amended Complaint.  (Dkt. No. 66)  Defendants moved to strike the Second Amended Complaint, arguing that it was improperly filed without leave of court and without the Defendants' consent.  (Dkt. No. 67; see also Dkt. No. 69)  On April 11, 2022, this Court granted Defendants' motion to strike.  (Dkt. No. 70)

In an April 14, 2022 letter, Plaintiffs seek leave to file a Second Amended Complaint.  (Dkt. No. 71)  Defendants oppose Plaintiffs' request, arguing that Plaintiffs' request is premature given that this Court has yet addressed Judge Cott's R&R.  (Dkt. No. 73)

## DISCUSSION

## I.   REVIEW OF REPORT AND RECOMMENDATION

### A.   The Report and Recommendation

In his R&R, Judge Cott recommends that this Court dismiss Plaintiffs' FLSA and NYLL claims for failure to state a claim – albeit on different grounds than those argued by Defendants.  (R&R (Dkt. No. 64) at 15 (noting that "a court 'has the power to dismiss a

6

complaint sua sponte for failure to state a claim, so long as the plaintiff is given notice and "an opportunity to be heard"" (quoting Cintron v. Shield, No. 18 Civ. 1619 (RA), 2019 WL 4194429, at *3 (S.D.N.Y. Sept. 3, 2019))); id. at 16 (noting that granting Plaintiffs leave to amend "will . . . provide Plaintiffs with the requisite opportunity to be heard"))

In their motion, Defendants argue that Plaintiffs fail to state a claim under the FLSA and NYLL because (1) Plaintiffs did not notify Defendants of the allegedly uncompensated work, as they were required to do according to Elev8's and Urban Recovery's handbook and policies; and (2) Elev8 properly provided a wage notice to Thompson[5] and wage statements to both Plaintiffs.  (Def. Br. (Dkt. No. 43) at 11-17, 20)

Judge Cott concludes, however, that Plaintiffs' FLSA and NYLL claims should be dismissed because "Plaintiffs do not adequately allege either (1) 40 hours of work in a given workweek, or (2) sufficient facts demonstrating uncompensated overtime work."  (R&R (Dkt. No. 64) at 10)

As discussed above, Thompson alleges that he regularly worked five days a week from 7:30 a.m. to 4:00 p.m., for a total of 42.5 hours per week; and Watt claims that – since March 2020 – she has regularly worked five days a week from 3:00 p.m. until 11:30 p.m., for a total of 42.5 hours per week.  (FAC (Dkt. No. 30) ¶¶ 30(h), 31(a))  Judge Cott notes, however, that Plaintiffs' "42.5 hour workweek" is inclusive of their one-hour lunch breaks.  (R&R (Dkt. No. 64) at 11)

While acknowledging Plaintiffs' allegations that they "rarely took the full hour break" and were "routinely . . . required to work through their meal breaks" (FAC (Dkt. No. 30)

---

[5]  In their motion, Defendants do not argue that they properly provided Watt with a wage notice under the NYLL.

¶¶ 30(i), 30(k), 31(b)), Judge Cott notes that Plaintiffs do not indicate how much time they worked during these allotted breaks.  (R&R (Dkt. No. 64) at 11-12)  Indeed, Judge Cott finds, "it is not clear whether or nor any extra time in fact amounted to more than 2.5 hours per week, [which would] caus[e] Plaintiffs' hours to exceed 40."  (Id. at 13)  "Plaintiff [likewise] do not provide the dates of any particular weeks in which they allegedly worked overtime," instead merely alleging that such an occurrence was "routine."  (Id. at 13-14)  Judge Cott concludes that Plaintiffs do not sufficiently plead their overtime claims under the FLSA or NYLL.  (Id. at 14)

Given his recommendation that Plaintiffs' FLSA claims be dismissed, Judge Cott recommends that this Court decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiffs' remaining state law claims, including their (1) NYLL claims relating to Defendants' failure to provide adequate wage notices and statements (id. at 14 n.8); and (2) the remaining state and city law claims for retaliation and discrimination (id. at 18-19).

Judge Cott also recommends that (1) Plaintiffs be granted leave to amend their FLSA and NYLL claims; and (2) that Plaintiffs' state and city law claims be dismissed without leave to amend, because these claims do not share a common nucleus of operative fact with Plaintiffs' FLSA claims, and because Thompson "abandoned them" by stating that he would refile those claims in state court.  (Id. at 18-20 (citing Pltf. Opp. (Dkt. No. 47) at 5))

## B.    Legal Standard

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  Where, as here, no objections are filed to a magistrate judge's report and recommendation, "a district court need only satisfy itself that there is no 'clear error on the face of the record' in order to accept the recommendation."  Austin v.

Lynch, No. 10 Civ. 7534 (JPO) (GWG), 2011 WL 6399622, at *1 (S.D.N.Y. Dec. 20, 2011) (citing Fed. R. Civ. P. 72(b) advisory committee note).  Moreover, the Second Circuit has made clear that "a party generally waives judicial review of an issue when he or she fails to make timely objection to a magistrate judge's report, as long as all parties receive clear notice of the consequences of their failure to object."  DeLeon v. Strack, 234 F.3d 84, 86 (2d Cir. 2000) (citing Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989)); see also McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983) ("When a party fails to object timely to a magistrate's recommended decision, it waives any right to further judicial review of that decision.").

    C.    **Analysis**

          Judge Cott's R&R recites the requirement that, "[p]ursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Opinion to file written objections," and that "[f]ailure to file objections within fourteen (14) days will result in waiver of objections and will preclude appellate review."  (R&R (Dkt. No. 64) at 21 (emphasis omitted))

          Despite clear warning that a failure to file objections would result in a waiver of judicial review, neither side has filed objections to Judge Cott's R&R.  Because neither side filed objections to Judge Cott's R&R, the parties have waived judicial review.  The Court has nonetheless reviewed the 21-page R&R and finds it to be thorough, well-reasoned, and free of any clear error.

          Accordingly, Judge Cott's R&R will be adopted in its entirety as to the dismissal of Plaintiffs' claims.

## II.     LEAVE TO AMEND

### A.     Legal Standard

District courts "ha[ve] broad discretion in determining whether to grant leave to amend." Gurary v. Winehouse, 235 F.3d 792, 801 (2d Cir. 2000).  Leave to amend may properly be denied in cases of "'undue delay, bad faith[,] or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc.'" Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).  "Where the possibility exists that [a] defect can be cured," leave to amend "should normally be granted" at least once.  Wright v. Ernst & Young LLP, No. 97 Civ. 2189 (SAS), 1997 WL 563782, at *3 (S.D.N.Y. Sept. 10, 1997), aff'd, 152 F.3d 169 (2d Cir. 1998) (citing Oliver Schs., Inc. v. Foley, 930 F.2d 248, 253 (2d Cir. 1991)).  Moreover, where a claim is dismissed on the grounds that it is "inadequate[ly] [pled]," there is "a strong preference for allowing plaintiffs to amend."  In re Bear Stearns Cos., Inc. Sec., Derivative, & ERISA Litig., No. 08 MDL 1963, 2011 WL 4072027, at *2 (S.D.N.Y. Sept. 13, 2011) (citing Ronzani v. Sanofi S.A., 899 F.2d 195, 198 (2d Cir. 1990)).

### B.     Analysis

In an April 14, 2022 letter, Plaintiffs request leave to file a Second Amended Complaint.  (See April 14, 2022 Pltf. Ltr. (Dkt. No. 71) at 1 (requesting "a pre-motion conference . . . for Plaintiffs' anticipated motion for leave to file the Second Amended Complaint, or alternatively, to obtain leave from the Court to file the Second Amended Complaint"))  In their letter, Plaintiffs argue that Defendants will not be prejudiced by this amendment because "discovery is not closed and no depositions have taken place."  (Id. at 2)

They also note that the proposed amendment "would not be adding new claims or parties that may require new legal strategies or discovery mechanisms" and that, instead, "the amendments are solely supplementing and bolstering Plaintiffs' current allegations." (Id.; see also id. at 3 (noting that Plaintiffs are "prepared to cure [the] deficiencies [identified by Judge Cott]" by providing "time records and pay records")) They also note that there has been no undue delay in the proposed amendment – given that amendment was not necessary until Judge Cott's R&R was issued on February 28, 2022 – and that they are not acting in bad faith in proposing the amendment. (Id. at 3) Finally, Plaintiffs argue that amendment would not be futile because the amendment will cure the deficiencies identified in Judge Cott's R&R. (Id.)

Defendants oppose Plaintiffs' request, arguing that Plaintiffs' request is "premature," given that this Court has not yet addressed Judge Cott's R&R. (April 18, 2022 Def. Ltr. (Dkt. No. 73) at 1 ("[S]ince the anticipated disposition of the pending Report and Recommendation . . . may indeed resolve this very issue, [granting Plaintiffs' request] would be a waste of the Court's resources."); see also April 6, 2022 Def. Ltr. (Dkt. No. 67) at 2 (asking for the Second Amended Complaint to be struck or, in the alternative, for the Court to "set a deadline for Defendants to submit a letter outlining the basis for [Defendants' renewed] motion [to dismiss]"))

This Court concludes that granting Plaintiffs leave to amend their FLSA and NYLL claims is appropriate here. This case is at an early stage, and Defendants have not identified any unfair prejudice that will flow from granting Plaintiffs' application. There likewise has been no undue delay or bad faith on the part of Plaintiffs. And Plaintiffs have shown that their amendments will directly address the issues identified in Judge Cott's R&R. Accordingly, Plaintiffs are granted leave to amend their FLSA and NYLL claims.

## **CONCLUSION**

For the reasons stated above, Judge Cott's R&R is adopted in its entirety.  The First Amended Complaint is dismissed, and Plaintiffs are granted leave to file a Second Amended Complaint as to their FLSA and NYLL claims.  By **October 7, 2022**, Plaintiffs will file their Second Amended Complaint.  By **October 14, 2022**, Defendants will file a letter indicating whether they wish to move to dismiss the Second Amended Complaint.  If so, Defendants will set forth the bases for such a motion.

The Clerk of Court is directed to terminate the motions at Docket Numbers 42 and 71.

Dated: New York, New York
       September 29, 2022

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge