UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHAUN THOMPSON and MARCELLA
WATT, on behalf of themselves and others
similarly situated,

Plaintiffs,

- against -

**ORDER**

ELEV8 CENTER NEW YORK, LLC (d/b/a
"Elev8" or "Elev8 Centers"); URBAN
RECOVERY HOUSE, LLC (d/b/a "Urban
Recovery"); LEE WEISS; and DONNA MAE
DEPOLA,

20 Civ. 9581 (PGG) (JLC)

Defendants.

PAUL G. GARDEPHE, U.S.D.J.:

Plaintiffs Shaun Thompson and Marcella Watt, on behalf of themselves and those

similarly situated, bring this collective action against Elev8 Center New York, LLC ("Elev 8");

Urban Recovery House, LLC ("Urban Recovery"); and Donna Mae Depola,[1] alleging violations

of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). (See

Second Amended Complaint ("SAC") (Dkt. No. 76) ¶¶ 69-89)

On January 10, 2023, Defendants moved to dismiss the SAC for lack of subject

matter jurisdiction and for failure to state a claim. (Def. Mot. (Dkt. No. 89))  On January 13,

2023, this Court referred Defendants' motion to Magistrate Judge Cott for a Report and

Recommendation ("R&R").  (Dkt. No. 94)  On July 17, 2023, Judge Cott issued an R&R,

recommending that Defendants' motion to dismiss be (1) denied with respect to Plaintiffs'

---

[1] Lee Weiss – whom Plaintiffs allege is the chief executive officer of Elev8 and Urban Recovery
(SAC (Dkt. No. 76) ¶¶ 9, 12) – is also named as a Defendant.  However, Weiss has not been
served (see Dkt. No. 17), and he has not appeared in this case.

claims for unpaid overtime and unpaid wages under the FLSA and the NYLL, and for failure to provide proper wage notices and wage statements under the NYLL; and (2) granted as to Plaintiffs' claims for unpaid spread-of-hours pay and failure to compensate manual workers on a weekly basis under the NYLL.  (July 17, 2023 R&R (Dkt. No. 97) at 23-24)

Plaintiffs filed an objection to the July 17, 2023 R&R on July 31, 2023 (Pltf. Obj. (Dkt. No. 99)); Defendants filed a response on August 14, 2023 (Def. Resp. (Dkt. No. 102)); and Plaintiffs filed a reply on August 21, 2023.  (Pltf. Reply (Dkt. No. 103))

For the reasons stated below, Judge Cott's July 17, 2023 R&R will be adopted in its entirety.

## BACKGROUND

### I.    FACTS[2]

Defendants Elev8 and Urban Recovery operate addiction and treatment facilities in New York City and function "as a single integrated enterprise."  Defendant Depola is the president of Elev8 and a principal at Urban Recovery.   (SAC (Dkt. No. 76) ¶¶ 7-9, 13)

Plaintiff Thompson was employed as a counselor at Elev8 from April 2018 through December 2019, and at Urban Recovery from March 2020 through April 2020.  (Id. ¶¶ 30-31)  On April 9, 2020, Thompson received an email from Elev8's Human Resources department which reads as follows:

> This email confirms that your employment with Urban Recovery is terminated, effective today, April 9, 2020.
>
> Based on the finding of the investigation, your conduct in the workplace and toward other employees on April 6, 2020, violated the company's employment

---

[2]  The facts set forth in this Order are drawn from the SAC and the documents incorporated therein, and are presumed true for purposes of resolving Defendants' motion to dismiss.  See Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 237 (2d Cir. 2007).

conduct policy; you displayed inappropriate behavior and language in the
workplace, and threatened workplace violence.

(Id., Ex. K (Dkt. No. 76-11) at 2)

Throughout his employment, Thompson's "hours and schedules fluctuated[,] but
he frequently worked well over forty (40) hours per week." He was paid on a bi-weekly basis.
(SAC (Dkt. No. 76) ¶¶ 32-33) Thompson was required to stay past his scheduled shift
approximately two to three times per week for approximately one hour. (Id. ¶ 38)

Plaintiff Watt has been employed as a patient care coordinator at Elev8 since
September 2018, where she remains employed. (Id. ¶ 42) "[A]s a patient care coordinator,
[Watt's] duties included, but were not limited to, transporting patients, moving patients'
belongings into and out of patient rooms and units, transporting dirty linens, washing and
delivering clean linens, searching patients for contraband, cleaning tables, cleaning the garden,
and preparing and serving food for patients." She also "was consistently required to perform
general housekeeping duties in patients['] rooms." (Id. ¶ 53)

Throughout her employment, Watt's "hours and schedule fluctuated greatly," but
she "frequently worked well over forty (40) hours each week." From the start of her
employment in 2018, Watt was paid $14 per hour. In 2019, her pay was increased to $15 per
hour, and in 2020, it was increased to $15.50 per hour. She was paid on a bi-weekly basis. (Id.
¶¶ 43-44) Plaintiffs further allege that Watt was required to arrive at work approximately thirty
minutes prior to the start of her scheduled shift every day, which resulted in Watt working
approximately two and a half hours per week off the clock. (Id. ¶ 50)

Plaintiffs further allege that Watt was legally obligated to supervise the patients
on her floor, and "could not leave for a lunch break – or even leave her desk to use the restroom
– unless there was another patient care coordinator to supervise patients in her absence."

According to Plaintiffs, "Defendants would not ensure that another patient care coordinator was available to fill in for [Watt] during her break, forcing her to keep working through it." (Id. ¶¶ 47-48)  Plaintiffs allege that Watt complained to a supervisor "at one point," but the supervisor "did nothing to rectify the problem." (Id. ¶ 49)

Plaintiffs also complain that Defendants "automatically deducted" a one-hour meal break each shift, "despite the fact that [Plaintiffs] rarely took the full hour break." Thompson "was required to perform work during that time period." (Id. ¶¶ 34, 45)

According to Plaintiffs, Watt frequently worked shifts in excess of ten hours, but "was never compensated with her spread of hours premiums." (Id. ¶ 52)

Beginning in 2019, Defendants "implemented a policy of rounding down employees' hours to the nearest fifteen (15) minute interval." Plaintiffs allege that "the rounding was always performed to the detriment of the employees, instead of in a neutral [manner]." (Id. ¶¶ 35, 51)  Plaintiffs further allege that "Defendants knew this would result in inaccurate recording of time worked, as it had always been the case that employees, like [Thompson], would routinely be required to work through their meal breaks and/or take extremely short breaks," and that Defendants did this "for the sole purpose of unlawful wage theft." (Id. ¶ 37)

"On April 17, 2019, Defendants circulated an email informing all employees to stop clocking in and out for their breaks," yet Plaintiffs and other employees continued to "manually clock out for meal breaks" until around May 2019. (Id. ¶¶ 36, 46)  "Defendants continued to require employees to work through meal breaks" and still "automatically deduct[ed] one (1) hour from their wages." (Id. ¶ 36)  Plaintiffs allege that Defendants knew this new policy "would result in inaccurate recording of time worked," as Thompson and other employees

"would routinely be required to work through their meal breaks and/or take extremely short breaks."  (Id. ¶ 37)

According to Plaintiffs, they "did not complain to Defendants due to the atmosphere of intimidation Defendants had carefully cultivated."  (Id. ¶¶ 41, 49)

Plaintiffs also allege that, during their employment at Elev8 and Urban Recovery, Defendants failed to provide them with proper wage notices and wage statements, as required under the NYLL.  (See id. ¶¶ 58-60)

## II.   **PROCEDURAL HISTORY**

The Complaint was filed on November 13, 2020.  (Cmplt. (Dkt. No. 1))  On November 17, 2020, this Court referred this case to Judge Cott for general pre-trial supervision.  (Dkt. No. 13)

On April 30, 2021, Plaintiffs filed the First Amended Complaint, which asserts claims against Defendants for (1) unpaid wages and overtime due to time-shaving under the FLSA and the NYLL; and (2) failure to provide Plaintiffs with proper wage statements and notices under the NYLL.  (First Amended Complaint ("FAC") (Dkt. No. 30) ¶¶ 39-56) Thompson also alleged (1) retaliation in violation of the NYLL and the New York Codes, Rules, and Regulations ("NYCRR"); and (2) race discrimination in violation of the New York State Human Rights Law (the "NYSHRL"), and the New York City Human Rights Law (the "NYCHRL").  (Id. ¶¶ 57-77)

On July 16, 2021, Defendants moved to dismiss the First Amended Complaint, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  (Def. Mot. (Dkt. No. 42))  On January 3, 2022, this Court referred Defendants' motion to Judge Cott for an R&R.  (Dkt. No. 60)  On February 28, 2022, Judge Cott issued an R&R in which he recommended that this Court (1)

dismiss Plaintiffs' overtime and wage claims under the FLSA and the NYLL for failure to state a

claim, and (2) decline to exercise supplemental jurisdiction over the remaining state law claims.

In his R&R, Judge Cott recommended that this Court grant Plaintiffs leave to amend their FLSA

and NYLL claims.  (Feb. 28, 2022 R&R (Dkt. No. 64) at 20)

        No party filed objections to the February 28, 2022 R&R, but in an April 14, 2022

letter, Plaintiffs sought leave to file a Second Amended Complaint.  (See Apr. 14, 2022 Pltf. Ltr.

(Dkt. No. 71))  In their letter, Plaintiffs represent that any proposed amendment "would not be

adding new claims or parties that may require new legal strategies or discovery mechanisms,"

and that "the amendments are solely supplementing and bolstering Plaintiffs' current

allegations."  (Id. at 2)

        On September 29, 2022, this Court adopted the February 28, 2022 R&R in its

entirety, both as to "the dismissal of Plaintiffs' claims" (see Sept. 29, 2022 Order (Dkt. No. 75)

at 9), and as to Plaintiffs' request to file a second amended complaint:

> This Court concludes that granting Plaintiffs leave to amend their FLSA and
> NYLL claims is appropriate here.  This case is at an early stage, and Defendants
> have not identified any unfair prejudice that will flow from granting Plaintiffs'
> application.  There likewise has been no undue delay or bad faith on the part of
> Plaintiffs.  And Plaintiffs have shown that their amendments will directly address
> the issues identified in Judge Cott's R&R.  Accordingly, Plaintiffs are granted
> leave to amend their FLSA and NYLL claims.

(Id. at 11)

        On October 6, 2022, Plaintiffs filed the Second Amended Complaint.  (SAC (Dkt.

No. 76))  On January 10, 2023, Defendants moved to dismiss, pursuant to Fed. R. Civ. P.

12(b)(1) and 12(b)(6).  (Def. Mot. (Dkt. No. 89))  On January 13, 2023, this Court referred

Defendants' motion to dismiss to Judge Cott for an R&R.  (Dkt. No. 94)

        In a July 17, 2023 R&R, Judge Cott recommends that Defendants' motion to

dismiss be denied with respect to Plaintiffs' claims for unpaid overtime and unpaid wages under

the FLSA and the NYLL, and for failure to provide proper wage notices and wage statements under the NYLL.  However, Judge Cott recommends that Defendants' motion be granted as to Plaintiffs' claims for unpaid spread-of-hours pay and failure to compensate manual workers on a weekly basis under the NYLL.  (July 17, 2023 R&R (Dkt. No. 97) at 23-24)

On July 31, 2023, Plaintiffs filed an objection to the R&R.  (Pltf. Obj. (Dkt. No. 99))  Defendants filed their response on August 14, 2023 (Def. Resp. (Dkt. No. 102)), and Plaintiff filed a reply on August 21, 2023.  (Pltf. Reply (Dkt. No. 103))

## III.     THE MAGISTRATE JUDGE'S R&R

In his July 17, 2023 R&R, Judge Cott recommends that "Plaintiffs' new claims for unpaid spread of hours premiums and failure to compensate manual workers on a weekly basis under NYLL should . . . be dismissed."  (July 17, 2023 R&R (Dkt. No. 97) at 8 (citation omitted) (citing SAC (Dkt. No. 76) ¶¶ 85-86))

Judge Cott notes that "[D]efendants argue that [P]laintiffs impermissibly added new causes of action in the SAC – namely those for unpaid spread of hours premiums under NYLL and failure to compensate manual workers on a weekly basis under NYLL," but that "Plaintiffs failed to respond to this argument."  (Id. at 7 (citing Def. Br. (Dkt. No. 90) at 28)) Judge Cott concludes that "those claims should be deemed abandoned," because "[a] district court 'may, and generally will, deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed.'"  (Id. at 7-8 (quoting Lipton v. Cnty. of Orange, 315 F. Supp. 2d 434, 446 (S.D.N.Y. 2004))  Judge Cott finds that this reason alone justifies dismissal of Plaintiffs' claims for unpaid spread-of-hours premiums and failure to compensate manual workers on a weekly basis under the NYLL.  (Id.)

However, Judge Cott goes on to consider whether – in adding these new claims for spread-of-hours and manual worker pay – Plaintiffs violated this Court's order granting leave to file the SAC.  Noting that "'a party may amend its pleading only with the opposing party's written consent or the court's leave,'" Judge Cott finds that "[P]laintiffs added new causes of action with neither."  (Id. at 8 (quoting Fed. R. Civ. P. 15(a)(2)))  Judge Cott explains that – in the September 29, 2022 order adopting Judge Cott's February 28, 2022 R&R – this Court had "noted that [P]laintiffs' original request for leave had promised that the amendments 'would not be adding new claims or parties that may require new legal strategies or discovery mechanisms' and would 'solely [be] supplementing and bolstering [their] current allegations.'"  (Id. (second and third alterations in original) (quoting Thompson v. Elev8 Ctr. New York, LLC, No. 20 Civ. 9581 (PGG), 2022 WL 4547411, at *5 (S.D.N.Y. Sept. 29, 2022)))  "Thus, leave to amend was granted because [P]laintiffs 'ha[d] shown that their amendments will directly address the issues identified in' the [February 28, 2022 R&R]."  (Id. (second alteration in original) (quoting Thompson, 2022 WL 4547411, at *6))  Judge Cott concludes that "any additional allegations were pleaded without leave from the Court, which is an 'adequate basis to dismiss' [P]laintiffs' 'new claims.'"  (Id. (quoting Ong v. Park Manor (Middletown Park) Rehab. & Healthcare Ctr., No. 12 Civ. 974 (KMK), 2015 WL 5729969, at *22 (S.D.N.Y. Sept. 30, 2015)))

Judge Cott recommends that Defendants' motion to dismiss be denied, however, with respect to Plaintiffs' claims for unpaid overtime and unpaid wages under the FLSA and the NYLL, and for failure to provide proper wage notices and wage statements under the NYLL. (Id. at 23)

He finds that Plaintiffs have stated a claim for unpaid overtime compensation under the FLSA and the NYLL, because they have sufficiently alleged that they worked more

than forty hours a week and did not receive overtime pay.  Judge Cott further concludes that Plaintiffs have stated a claim for "gap-time" under the NYLL, in that they have pled facts showing that they were required to work hours for which they were not paid.  (Id. at 12-18)

As to overtime pay, "Thompson [now] alleges that although his 'hours and schedules fluctuated,' 'he frequently worked well over 40 hours per week,'" and "Watt likewise now alleges that although her 'hours and schedule fluctuated greatly,' she 'frequently worked well over 40 hours per week.'"  (Id. at 12-13 (quoting SAC (Dkt. No. 76) ¶¶ 33, 44))  "While those assertions alone are too general to pass muster," Plaintiffs attached to the SAC "time records . . . providing specific weeks in which they were each compensated for 40 hours or more but maintain that they were not adequately compensated for overtime work."  (Id. at 13 (citing SAC, Ex. P (Dkt. No. 76-16) at 26-30; SAC, Ex. V (Dkt. No. 76-22) at 14, 17, 19-20))  Judge Cott finds these allegations and exhibits "sufficient to plausibly allege '40 hours of work in a given workweek,'" as required to state a claim for unpaid overtime.  (Id. (quoting Lundy v. Cath. Health Sys. of Long Island Inc., 711 F.3d 106, 114 (2d Cir. 2013)))

As to Plaintiff's gap-time claim, Judge Cott finds that "Thompson and Watt have each supplemented general allegations with specific facts about the nature and the estimated amount of the time they were required to work without pay, and specific, albeit approximate, frequencies of these alleged violations."  (Id. at 15 (citing SAC (Dkt. No. 76) ¶¶ 38, 50))  "With respect to claims of unpaid work due to meal break deductions, [P]laintiffs have provided time sheets setting forth specific dates of the alleged violations."  (Id. at 15-16 (citing SAC, Ex. P (Dkt. No. 76-16); SAC, Ex. V (Dkt. No. 76-22)))  "As Thompson and Watt have each 'set forth the approximate number of unpaid regular hours . . . allegedly worked,' they have 'satisf[ied] the Second Circuit's edict that a complaint contain specificity as to uncompensated hours worked

during a particular week." (Id. at 16 (citation omitted) (quoting Angiulo v. Cnty. of Westchester, No. 11 Civ. 7823 (CS), 2012 WL 5278523, at *2 (S.D.N.Y. Oct. 25, 2012); Kuck v. Planet Home Lending, LLC, 354 F. Supp. 3d 162, 168 (E.D.N.Y. 2018))) Judge Cott concludes that "[t]his is sufficient to survive a motion to dismiss." (Id.)

Judge Cott further notes that "Plaintiffs also newly allege that they are owed unpaid wages because [D]efendants maintained an impermissible policy of rounding down hours worked – specifically, that [D]efendants adopted a new rounding policy in 2019, and that the policy only 'round[ed] down employees' hours to the nearest 15[-]minute interval.'" (Id. at 16 (third alteration in original) (citation omitted) (citing SAC (Dkt. No. 76) ¶¶ 2, 18; quoting id. ¶ 35)) Judge Cott finds that "an allegation, such as the one made here, that an employer rounded hours to its employees' detriment is sufficient to survive a motion to dismiss." (Id. at 17)

Because Plaintiffs

have alleged that they were required to work past their shifts and through lunch breaks and were not compensated for that time [and] have offered the requisite specificity by providing estimated unpaid hours worked and time sheets that support their allegations that [D]efendants had a policy of automatically deducting one hour for meal breaks[, Judge Cott concludes that] [P]laintiffs have stated a plausible gap-time claim under NYLL.

(Id. at 18 (citing SAC (Dkt. No. 76) ¶¶ 37-38, 50; SAC, Ex. P (Dkt. No. 76-16); SAC, Ex. V (Dkt. No. 76-22)))

Judge Cott further concludes that Plaintiffs have stated a claim for failure to provide wage notices and statements under the NYLL. (Id. at 18-23) As to these claims, Judge Cott find that Plaintiffs have alleged sufficient harm to establish standing:

[P]laintiffs not only allege that [D]efendants "willfully operated their business with a policy of not providing" proper wage notices or wage statements, they specifically allege that these failures "actually harmed" them by depriving them of the "ability to contest [wage] calculations" and "to further delay providing proper compensation to low wage earners," resulting "in delayed payment of all proper wages."

(Id. at 19-20 (third alteration in original) (citations omitted) (quoting SAC (Dkt. No. 76) ¶¶ 60-61, 87-88)) Judge Cott concludes that "the SAC sufficiently sets forth a 'monetary injury' stemming from the alleged statutory violations – i.e. 'delay' in 'proper compensation' – [and accordingly,] the Court has jurisdiction to consider these claims." (Id. at 20)

Although "Plaintiffs allege that [D]efendants 'operated their business with a policy of not providing . . . proper wage notices'" (id. at 21 (omission in original) (quoting SAC (Dkt. No. 76) ¶ 88)), "Defendants respond that they provided a wage notice to Thompson and attached one from Elev8 . . . , which includes Thompson's signature dated March 14, 2018 and a pay rate, but does not provide any employer information, overtime pay rate, or indicate when notice was given." (Id. (citing Def. Br. (Dkt. No. 90) at 26; Poddar Decl., Ex. D (Dkt. No. 91-4) at 106)) "Defendants do not claim that they provided a wage notice to Watt, nor do they provide one from Thompson's work at Urban Recovery." (Id. (citing Def. Br. (Dkt. No. 90) at 26))

While finding that "[t]he wage notice attached by [D]efendants to a declaration in support of their motion is not properly considered on a motion to dismiss" (id. (citation omitted) (citing Poddar Decl., Ex. D (Dkt. No. 91-4) at 106)), Judge Cott notes that that notice – in any event – tends to support Plaintiffs' claims:

> [T]he wage notice submitted by [D]efendants is incomplete (as the employer information is entirely blank) and appears, if anything, to be in violation of [New York's Wage Theft Prevention Act].

(Id. at 22)

Judge Cott concludes that "discovery should proceed and the motion to dismiss should be denied as to the wage notice claim." (Id.) And "[g]iven that adjudication of the related overtime claims will dictate the outcome of the wage statement claims, the motion to dismiss should be denied as to the wage statement claims to allow them to proceed in tandem." (Id. at 23)

11

IV.    **PLAINTIFFS' OBJECTION TO THE R&R**

        Plaintiffs object to Judge Cott's recommendation that Defendants' motion to dismiss be granted as to Plaintiff Watt's claims for spread-of-hours pay and failure to compensate manual workers on a weekly basis under the NYLL.  They point out that "[t]hese claims were dismissed not on the merits but because Plaintiffs had been granted leave to amend, not to add these claims, but only to remedy deficiencies that Judge Cott had identified in the First Amended Complaint . . . in [the February 28, 2022 R&R]."  (Pltf. Obj. (Dkt. No. 99) at 1)

        "Plaintiffs do not dispute Judge Cott's factual characterization of events." However, they contend that "'[t]he Second Circuit has a strong preference for resolving issues and claims on their merits rather than on procedural technicalities,' and this is a situation where resolving Plaintiff Watt's new claims on the merits would not prejudice Defendants in any way." (Id. (quoting Worley v. City of New York, No. 17 Civ. 4337 (LGS), 2020 WL 730326, at *8 (S.D.N.Y. Feb. 12, 2020)))  They explain that, "[u]nfortunately, a former associate failed to adequately scrutinize Defendants' discovery production, so as to detect the new claims, before Plaintiffs requested leave to amend the FAC.  During the course of preparing the amendment, [Plaintiffs' counsel] was able to ascertain additional violations from Defendants' discovery production."  (Id.)

        Plaintiffs further contend that "Defendants have had the opportunity to contest Plaintiff Watt's spread-of-hours and delayed payment claims on the merits, and they briefed these issues in their papers."  (Id. (citing Def. Br. (Dkt. No. 90) at 26-28; Def. Reply (Dkt. No. 92) at 12)  According to Plaintiffs, "[c]ourts in this Circuit and elsewhere have routinely waived procedural rules when this was required to evaluate claims (or defenses) on the merits, even in situations where it was clear that the party requesting such had erred in failing to fully heed those

rules." (Id. at 2)  Plaintiffs further argue that "[t]he instant action is also 'still at a relatively early stage,' and . . . [c]ognizing Plaintiff Watt's spread-of-hours and delayed payment claims would not materially complicate the future course of this litigation or burden Defendants with discovery production that might otherwise have been avoided." (Id. at 3)  And although Judge Cott's finding "that Plaintiffs[] . . . pleaded additional allegations without leave from the Court 'is an adequate basis to dismiss [P]laintiffs' new claims,' . . . it does not follow that this 'adequate basis' necessitated the dismissal of the new claims – or that the Court has no discretion to do otherwise when doing otherwise is in the interest of justice." (Id. at 4 (emphasis omitted) (quoting July 17, 2023 R&R (Dkt. No. 97) 8))

Defendants respond that,

> [i]n the last three years, Plaintiffs had multiple opportunities to either amend the complaint or seek leave to amend the complaint to add new claims but failed to do so.  On their third try, Plaintiffs sought to add two new claims to the complaint – in violation of the leave they sought from this Court and the Court's order and contrary to the representations they made to this Court on numerous occasions that they would not be adding any new claims.  And when Defendants sought to dismiss the new claims, Plaintiffs neglected to address Defendants' argument.

(Def. Resp. (Dkt. No. 102) at 2)  Defendants go on to argue that Judge Cott "rightfully dismissed the new claims, holding that they are deemed abandoned and were pled without leave," and they ask this Court "reject Plaintiffs' [o]bjection and adopt the [R&R], dismissing Plaintiff Watt's NYLL claims for spread-of-hours and delayed payments." (Id. at 2, 15)

## DISCUSSION

## I.    LEGAL STANDARDS

### A.    Review of a Magistrate Judge's Report and Recommendation

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  "'The district judge evaluating a magistrate

judge's recommendation may adopt those portions of the recommendation, without further

review, where no specific objection is made, as long as they are not clearly erroneous.'"

Gilmore v. Comm'r of Soc. Sec., No. 09 Civ. 6241 (RMB) (FM), 2011 WL 611826, at *1

(S.D.N.Y. Feb. 18, 2011) (quoting Chimarev v. TD Waterhouse Inv. Servs., Inc., 280 F. Supp.

2d 208, 212 (S.D.N.Y. 2003)).  A decision is "clearly erroneous" when, "upon review of the

entire record, [the court is] left with the definite and firm conviction that a mistake has been

committed."  United States v. Snow, 462 F.3d 55, 72 (2d Cir. 2006) (quotation marks and

citation omitted).

   Where a timely objection has been made to a magistrate judge's recommendation,

the district judge "shall make a de novo determination of those portions of the report or specified

proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C).

However, "[o]bjections that are 'merely perfunctory responses argued in an attempt to engage

the district court in a rehashing of the same arguments set forth in the original [papers] will not

suffice to invoke de novo review.'"  Phillips v. Reed Grp., Ltd., 955 F. Supp. 2d 201, 211

(S.D.N.Y. 2013) (second alteration in original) (quoting Vega v. Artuz, 97 Civ. 3775 (LTS)

(JCF), 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002)).  "To the extent . . . that the party . .

. simply reiterates the original arguments, [courts] will review the Report strictly for clear error."

IndyMac Bank, F.S.B. v. Nat'l Settlement Agency, Inc., 07 Civ. 6865 (LTS) (GWG), 2008 WL

4810043, at *1 (S.D.N.Y. Nov. 3, 2008) (citing Pearson-Fraser v. Bell Atl., No. 01 Civ. 2343

(WK), 2003 WL 43367, at *1 (S.D.N.Y. Jan. 6, 2003); Camardo v. Gen. Motors Hourly-Rate

Emps. Pension Plan, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)); see also Ortiz v. Barkley, 558 F.

Supp. 2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and

recommendation for clear error where objections are merely perfunctory responses, . . .

rehashing . . . the same arguments set forth in the original petition." (quotation marks and citations omitted)).

Moreover, a party cannot invoke de novo review by citing new facts or making new arguments that the party could have raised in the briefing before the magistrate judge yet did not. See Bolling v. City of New York, No. 18 Civ. 5406 (PGG) (RWL), 2021 WL 961758, at *6 (S.D.N.Y. Mar. 15, 2021) ("[D]istrict courts 'will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.'" (quoting Brown v. Martuscello, No. 16 Civ. 6084 (CS) (PED), 2019 WL 3491461, at *2 (S.D.N.Y. Aug. 1, 2019))); United States v. Gladden, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019) (declining to consider a "'new argument[] raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but [was] not.'" (quoting Hubbard v. Kelley, 752 F. Supp. 2d 311, 313 (W.D.N.Y. 2009))).

## B.  Rule 12(b)(1) Motion to Dismiss

"[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit ([i.e.,] subject-matter jurisdiction)." Sinochem Int'l Co. Ltd. v. Malay. Int'l Shipping Corp., 549 U.S. 422, 430-31 (2007). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).

Where subject matter jurisdiction is challenged, a plaintiff "bear[s] the burden of 'showing by a preponderance of the evidence that subject matter jurisdiction exists.'" APWU v. Potter, 343 F.3d 619, 623 (2d Cir. 2003) (quoting Lunney v. United States, 319 F.3d 550, 554 (2d Cir. 2003)); see also Aurecchione v. Schoolman Transp. Sys., Inc., 426 F.3d 635, 638 (2d

Cir. 2005) ("The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." (citing Luckett v. Bure, 290 F.3d 493, 497 (2d Cir. 2002))).

In considering a Rule 12(b)(1) motion, a court "must accept as true all material factual allegations in the complaint, but [is] not to draw inferences from the complaint favorable to plaintiffs." J.S. ex rel. N.S. v. Attica Cent. Sch., 386 F.3d 107, 110 (2d Cir. 2004). "'[J]urisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it.'" APWU, 343 F.3d at 623 (alteration in original) (quoting Shipping Fin. Servs. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998)).

"A motion to dismiss a complaint for lack of standing is properly brought pursuant to Rule 12(b)(1) . . . because it relates to the court's subject matter jurisdiction." ED Cap., LLC v. Bloomfield Inv. Res. Corp., 155 F. Supp. 3d 434, 446 (S.D.N.Y. 2016), aff'd in rel. part, 660 F. App'x 27 (2d Cir. 2016). "'The doctrine of standing asks whether a litigant is entitled to have a federal court resolve his grievance. This inquiry involves both constitutional limitations on federal-court jurisdiction and prudential limits on its exercise.'" United States v. Suarez, 791 F.3d 363, 366 (2d Cir. 2015) (quoting Kowalski v. Tesmer, 543 U.S. 125, 128 (2004)).

> [T]he "irreducible constitutional minimum" of standing consists of three elements. Lujan[ v. Defs. of Wildlife, 504 U.S. 555, 560 (1992)]. The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. Id. at 560-[]61 . . . ; Friends of the Earth, Inc.[ v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 180-81 (2000)]. The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements. FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 . . . (1990).

Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016), as revised (May 24, 2016). The "elements are conjunctive, so that a failure of any of the three elements deprives a plaintiff of standing to

maintain an action in federal court." Dickerson v. Feldman, 426 F. Supp. 2d 130, 134 (S.D.N.Y. 2006).

    **C.**    **Rule 12(b)(6) Motion to Dismiss**

        "To survive a motion to dismiss [pursuant to Fed. R. Civ. P. 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "[T]he court is to accept as true all facts alleged in the complaint," Kassner, 496 F.3d at 237 (citing Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 87 (2d Cir. 2002)), and must "draw all reasonable inferences in favor of the plaintiff." Id. (citing Fernandez v. Chertoff, 471 F.3d 45, 51 (2d Cir. 2006)).

        A complaint is inadequately pled "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement,'" Iqbal, 556 U.S. at 678 (alteration in original) (quoting Twombly, 550 U.S. at 557), and does not provide factual allegations sufficient "to give the defendant fair notice of what the claim is and the grounds upon which it rests." Port Dock & Stone Corp. v. Oldcastle Northeast, Inc., 507 F.3d 117, 121 (2d Cir. 2007) (citing Twombly, 550 U.S. at 555).

        Under this standard, a plaintiff is required only to set forth a "short and plain statement of the claim," Fed. R. Civ. P. 8(a), with sufficient factual "heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (alteration in original) (quoting Fed. R. Civ. P. 8(a)). To survive a motion to dismiss, plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," id. at 555, and present claims that are "plausible on [their] face." Id. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678.

"Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). Where "the allegations in a complaint, however true, could not raise a claim of entitlement to relief," Twombly, 550 U.S. at 558, or where a plaintiff has "not nudged [his] claims across the line from conceivable to plausible, the[] complaint must be dismissed." Id. at 570.

"In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010) (citing Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002); Hayden v. Cnty. of Nassau, 180 F.3d 42, 54 (2d Cir. 1999)). "'[W]here a document is not incorporated by reference, the court may never[the]less consider it where the complaint relies heavily upon its terms and effect, thereby rendering the document integral to the complaint.'" Gallagher v. Empire HealthChoice Assurance, Inc., 339 F. Supp. 3d 248, 254 (S.D.N.Y. 2018) (second alteration in original) (quoting DiFolco, 622 F.3d at 111).

## II.   ANALYSIS

### A.   Claims for Spread-of-Hours Pay and Failure to Compensate Manual Workers on a Weekly Basis

Plaintiffs object to Judge Cott's recommendation that this Court dismiss Plaintiff Watt's NYLL claim for spread-of-hours pay and her NYLL claim for failure to compensate her on a weekly basis. (Pltf. Obj. (Dkt. No. 99) at 1) Plaintiffs attribute their failure to raise these claims earlier to attorney error, and contend that "'[t]he Second Circuit has a strong preference

for resolving issues and claims on their merits rather than on procedural technicalities.'" (Id. (quoting Worley, 2020 WL 730326, at *8))

In moving to dismiss, Defendants argue that "Plaintiffs include additional claims in the SAC, including those for failure to provide spread of hours pay and failure to compensate manual workers," and that "it is clear that their leave to file a Second Amended Complaint was only to allow them the 'opportunity to allege the requisite facts, if they exist, to make their overtime claims under the FLSA and NYLL cognizable' and not to add additional claims or expand the definition of the class." (Def. Br. (Dkt. No. 90) at 28 (quoting Poddar Decl., Ex. B. (Dkt. No. 91-2) at 21))

In their opposition brief, Plaintiffs do not respond to Defendants' argument that – in including new claims in the SAC – they had exceeded the scope of the amendment this Court had approved.[3] (See Pltf. Opp. (Dkt. No. 93))

As noted above, in their objections to the R&R, Plaintiffs contend that they should be permitted to assert these new claims in the SAC because (1) attorney error explains their failure to raise them earlier; and (2) the Second Circuit has expressed a preference for resolving claims on their merits. (Pltf. Obj. (Dkt. No. 99) at 1) Because these arguments are

---

[3] As noted above, Judge Cott finds that because "Plaintiffs failed to respond" to Defendants' argument that Plaintiffs impermissibly added new causes of action to the Second Amended Complaint, "those claims should be deemed abandoned." (July 17, 2023 R&R (Dkt. No. 97) at 7-8) This Court agrees with Judge Cott's analysis. See Lipton, 315 F. Supp. 2d at 446 ("This Court may, and generally will, deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed."); Romeo & Juliette Laser Hair Removal, Inc. v. Assara I LLC, No. 08 Civ. 442 (TPG) (FM), 2014 WL 4723299, at *7 (S.D.N.Y. Sept. 23, 2014) ("At the motion to dismiss stage, where review is limited to the pleadings, a plaintiff abandons a claim by failing to address the defendant's arguments in support of dismissing that claim.").

improperly raised for the first time in an objection to the R&R, they do not invoke <u>de novo</u>

review, <u>see</u> <u>Gladden</u>, 394 F. Supp. 3d at 480, and this Court will review only for clear error.

"[A] party may amend its pleading only with the opposing party's written consent

or the court's leave." Fed. R. Civ. P. 15(a)(2).  In an April 14, 2022 letter, Plaintiffs requested

leave to file a Second Amended Complaint.  (<u>See</u> Apr. 14, 2022 Pltf. Ltr. (Dkt. No. 71))  In their

letter, Plaintiffs represented that any proposed amendment "would not be adding new claims or

parties that may require new legal strategies or discovery mechanisms" and that, instead, "the

amendments are solely supplementing and bolstering Plaintiffs' current allegations."  (<u>Id.</u> at 2;

<u>see</u> <u>also</u> <u>id.</u> at 3 (noting that Plaintiffs are "prepared to cure [the] deficiencies [identified by

Judge Cott]" by providing "time records and pay records"))

In its September 29, 2022 order granting Plaintiffs leave to amend, this Court

relied on Plaintiff's representations that the new material in the SAC would "solely supplement[]

and bolster[] Plaintiffs' current allegations."  (<u>See</u> <u>id.</u> at 2)  Indeed, this Court noted that

"Plaintiffs have shown that their amendments will directly address the issues identified in Judge

Cott's [February 28, 2022] R&R."  (Sept. 29, 2022 Order (Dkt. No. 75) at 11)  But instead of

filing a second amended complaint consistent with their representations, Plaintiffs filed a

pleading containing new claims.

In alleging new claims in the Second Amended Complaint, Plaintiffs exceeded the

scope of the order granting them leave to amend.  Accordingly, Plaintiffs' new claims – for

spread-of-hours pay and failure to compensate manual workers on a weekly basis – will be

dismissed.  <u>See</u> <u>Pagan v. New York State Div. of Parole</u>, No. 98 Civ. 5840 (FM), 2002 WL

398682, at *3 (S.D.N.Y. Mar. 13, 2002) ("[Plaintiff] did not have the right to assert new claims

in his Amended Complaint.  His [newly added claims] consequently are dismissed with

prejudice."); Ebron v. Lantz, No. 3:04CV1375 (MRK), 2006 WL 3246770, at *1 (D. Conn. Nov. 6, 2006) (dismissing new claims not authorized in order granting leave to amend; "The Court specifically permitted [Plaintiff] to file a second amended complaint to clarify or amplify the retaliation and failure to protect claims against Defendants. . . . The Court did not grant him permission to add new, unrelated claims or new defendants, and [Plaintiff] never sought that permission.").

Plaintiffs' undue delay in asserting their new claims further justifies their dismissal.

> "Delay in seeking leave to amend a pleading is generally not, in and of itself, a reason to deny a motion to amend.  However, the Court may deny a motion to amend when the movant knew or should have known of the facts upon which the amendment is based when the original pleading was filed, particularly when the movant offers no excuse for the delay."

Frenkel v. New York City Off-Track Betting Corp., 611 F. Supp. 2d 391, 394 (S.D.N.Y. 2009), opinion adopted, 701 F. Supp. 2d 544 (S.D.N.Y. 2010) (quoting Berman v. Parco, 986 F. Supp. 195, 217 (S.D.N.Y. 1997)).

Here, Plaintiffs' Second Amended Complaint – which adds the newly alleged claims – was filed on October 6, 2022 (see SAC (Dkt. No. 76)), nearly two years after the commencement of this action on November 13, 2020.  (See Cmplt. (Dkt. No. 1))  Although Plaintiffs attribute the late assertion of these claims to attorney error (see Pltf. Obj. (Dkt. No. 99) at 1), "[P]laintiffs [were] or should have been aware of the facts underlying [these claims]" at the time the original complaint was filed, or soon after.  Dawson v. Pelican Mgmt., Inc., No. 11 Civ. 1753 (KAM) (LB), 2012 WL 2357308, at *3 (E.D.N.Y. June 1, 2012), report and recommendation adopted, 2012 WL 2344663 (E.D.N.Y. June 19, 2012).

In sum, Judge Cott did not err in recommending that "Plaintiffs' new claims for unpaid spread of hours premiums and failure to compensate manual workers on a weekly basis

under [the] NYLL should . . . be dismissed" (July 17, 2023 R&R (Dkt. No. 97) at 8 (citation

omitted) (citing SAC (Dkt. No. 76) ¶¶ 85-86)), and Plaintiffs' objection will be overruled.

     **B.**     **Unpaid Overtime, Unpaid Wages, Wage**
              **<u>Notice, and Wage Statements Claims</u>**

        No party has objected to Judge Cott's recommendation that Defendants' motion

to dismiss be denied as to Plaintiffs' claims for unpaid overtime and unpaid wages under the

FLSA and the NYLL, and for failure to provide proper wage notices and wage statements under

the NYLL.  The Court therefore reviews this recommendation for clear error.  <u>See</u> <u>Gilmore</u>, 2011

WL 611826, at *1.

        This Court finds no error in Judge Cott's conclusion that the Second Amended

Complaint and attached exhibits plausibly allege that Plaintiffs were not properly compensated

for hours worked in excess of 40 in a given workweek.  (July 17, 2023 R&R (Dkt. No. 97) at 13

(quoting <u>Lundy</u>, 711 F.3d at 114))  Plaintiffs also sufficiently allege that Defendants adopted a

policy of rounding down employees' hours, and that Plaintiffs were required to work before their

shifts began, after their shifts ended, and through lunch breaks, and were not compensated for

these hours.  Accordingly, the R&R properly concludes that Defendants' motion to dismiss

should be denied as to Plaintiffs' claims for unpaid overtime and unpaid wages under the FLSA

and the NYLL.

        The R&R also correctly finds that Plaintiffs have standing to assert claims for

failure to provide wage notices and wage statements, because they sufficiently allege that

Defendants' policy of not providing proper wage notices and wage statements caused Plaintiffs

actual harm.  Defendants' failure to provide wage notices and wage statements caused delay in

Plaintiffs receiving proper compensation for their work, given that Plaintiffs' wages were

undercalculated.  Accordingly, the R&R properly concludes that Defendants' motion to dismiss should be denied as to Plaintiffs' wage notice and wage statement claims under the NYLL.

## CONCLUSION

For the reasons stated above, Judge Cott's July 17, 2023 R&R is adopted in its entirety.  Defendants' motion to dismiss is denied with respect to Plaintiffs' claims for unpaid overtime and unpaid wages under the FLSA and the NYLL, and for failure to provide proper wage notices and wage statements under the NYLL.  Defendants' motion to dismiss is granted with respect to Plaintiffs' claims for unpaid spread-of-hours pay and failure to compensate manual workers on a weekly basis under the NYLL.

The Clerk of Court is directed to terminate the motion (Dkt. No. 89).

Dated: New York, New York
         September 28, 2023

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge